PFS:df

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6154-CR-DIMITROULEAS



UNITED STATES OF AMERICA,

        Plaintiff,

v.

JAMES TRAVERS,

        Defendant.
_____/

### GOVERNMENT'S RESPONSE TO THE STANDING DISCOVER ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    The government is in possession of 133 cassette tape recordings containing approximately 1000 conversations regarding court authorized wire interceptions. The government is further in possession of approximately 41 cassette tape recordings corresponding to consensually recorded conversations. One full set of tapes and transcripts will be provided to an attorney designated by counsel for use by all parties.

           2.    That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.

           3.    No defendant testified before the Grand Jury.

           4.    The NCIC record of the defendant, if any exists, will be made available upon receipt by this office.



    5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to all counsel.

    6. Not applicable.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D. The government will disclose under separate cover any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E. The government will disclose under separate cover any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. Not applicable.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or

|      | |
|------|---|
|      | otherwise (including the inextricably-intertwined doctrine). |
| I.   | The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| J.   | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K.   | No contraband is involved in this indictment. |
| L.   | Not applicable. |
| M.   | Not applicable. |
| N.   | The government will under separate cover, provide notice of summary and expert testimony that it reasonably expects to offer at trial, such testimony will include gambling records analysis and organized crime structure analysis. |
| O.   | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. |
| P.   | At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel. |

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

        Respectfully submitted,

        GUY A. LEWIS
        UNITED STATES ATTORNEY

By: _____
        PAUL F. SCHWARTZ
        ASSISTANT UNITED STATES ATTORNEY
        Court ID #: A5500086
        500 E. Broward Blvd., 7th Floor
        Fort Lauderdale, Florida   33394
        Telephone: (954) 356-7392
        Facsimile: (954) 356-7230

CERTIFICATE OF SERVICE

I HEREBY certify that a true and correct copy of the foregoing was mailed this ___30___ day of ___June___, 2000 to:

Philip R. Horowitz, Esquire
Southpark Centre
12651 S. Dixie Highway
Miami, FL 33156

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

5

- 1 -

FEDERAL BUREAU OF INVESTIGATION

Date of transcription   01/19/99

On 01/17/99, James Paul Travers, a white male, date of birth 05/07/49, residing at 13500 SW 26th Street, Davie, Florida, telephone number (954)472-2448 was interviewed regarding his involvement in an illegal gambling business located at Floresta International, 633 NW 167th Street, Suite 1109, North Miami Beach, Florida. After being advised as to the identity of the interviewing agent Special Agent Michael C. Gualtieri, and Metro Dade Detective, Joseph McMahon, that Travers was not under arrest and would be free to leave following the completion of the search of Floresta International, and the purpose of the interview, Travers provided the following information:

Travers stated he was unemployed.

Travers advised that he would like to talk to an attorney before answering any questions. The interview was terminated with this statement.

---

| | | |
|---|---|---|
| Investigation on | 01/17/1999 at | Miami, Florida |
| File # 281A-MM-88637 - 977 | Date dictated | 01/19/1999 |
| by | Michael C. Gualtieri:mcg  Det. Joseph McMahon, MDPD | |

This document contains neither recommendations nor conclusions of the FBI. It is the property of the FBI and is loaned to your agency; it and its contents are not to be distributed outside your agency.