UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

vs.   CASE NO.: 00-6154-CR-DIMITROULEAS

JAMES TRAVERS,

Magistrate Judge Bandstra

Defendant.
_____/

## DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant JAMES TRAVERS by and through his undersigned counsel and pursuant to Administrative Order 95-02 and U.S.S.G. §6A1.3 and hereby files these, her objections to the Presentence Investigation Report (hereinafter "PSI") and as grounds therefore would state as follows:

1. On September 27, 2000, the Defendant was pled guilty pursuant to an agreement with the Government to Count II of the indictment in this case which generally charged him with being a participant in a gambling business in violation of 18 U.S.C. §1955.

2. That currently, sentencing is set in this matter for **Friday, December 15, 2000** at 3:00 p.m. in Ft. Lauderdale.

3. The Defendant would object to the phrasing of ¶25 and 58 that appears to characterize his employment with the offshore wagering business as constant. As he told the probation office, his employment was seasonal or intermittent. The employment was intermittent in that it commenced in September and concluded in

Page 1 of 6

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949



January and did not involve a full time job.

4. The Defendant would object to ¶41 of the PSI and wish that the paragraph be supplemented to show that the Defendant was employed in the jewelry store at the time of the incident but was not the sales person who sold the stolen goods. This is the reason that charges were dropped.

5. The Defendant would object to ¶48 of the PSI and would request that in the first sentence Huntington, *New Jersey* be corrected to read Huntington, *Long Island, New York*.

6. The Defendant would object to ¶50 of the PSI and would request that the paragraph be supplemented to indicate that the Defendant has sought medical treatment and has been diagnosed with osteoarthritis.

7. The Defendant would object to ¶60 of the PSI and would request that it be corrected to read "From 1997 until *January 1999* . . . " This change correlates to the execution of the search warrant on that establishment.

8. The Defendant would object to paragraph 24, 25 and 31 of the PSI wherein the probation officer seeks to give the Defendant a two level upward adjustment for obstruction of justice based on his statement to the probation officer. Initially, the Defendant wishes to inform the Court that the first sentence of ¶24 is incorrect. At the time of his arrest, the Defendant was unemployed. The bone of contention between the Defendant and the probation office is the nature of this post arrest employment.

In order that a clearer picture can emerge, the facts regarding surrounding the disclosure of the employment of the foregoing wagering business are crucial to this

Page 2 of 6

scenario. On September 21, 2000, the Defendant (along with counsel) met with the FBI case agent for a debriefing pursuant to the then ongoing negotiations with the Government. Prior to the debriefing, the defendant and the Government entered into an understanding that the Defendant would be truthful and the terms of the attached limited use immunity letter would apply. During the debriefing, the prosecutor was not present.

At the debriefing, however, in order to be completely truthful with the Government as required both by the attached letter and the plea agreement in this case, the Defendant disclosed his current employment as ¶58 of the PSI. It must be noted that neither the FBI nor the Office of the United States Attorney sanctioned the Defendant's employment nor urged that he continue to participate in that employment in an undercover capacity. The defendant, through these objections, wants everyone to be clear on this point. However, the Defendant under the terms of the September 21 letter had a duty to disclose this employment.

On October 11, 2000, after the entry of the plea, the Defendant had his interview with the probation officer. The defendant felt it was his duty to tell the probation office (and subsequently Pretrial Services) of this employment. Since this disclosure, the Defendant has terminated the employment that is the subject of these objections.

§3C1.1 states in full: "if the defendant willfully impeded or obstructed the administration of justice during the investigation or prosecution of the instant offense, increase the (defendant's) offense level by two levels. Examples of conduct to which the obstruction enhancement applies included providing materially false information to

a judge. United States vs. Jones, 32 F.3d 1512 (11th Cir. 1994).

The bulk of the case law on this subject deals with defendants who commit perjury while testifying in their own defense at trial and are ultimately convicted. The Supreme Court has found that "it is rational for a sentencing authority to conclude that a defendant who commits a crime and then perjures themselves in an unlawful attempt to avoid responsibility is more threatening to society and less deserving of leniency than a defendant who does not so defy the trial process. United States vs. Dunnigan, 113 S.Ct. 1111, 1118 (1993).

§3C1.1, therefore, contains a clear mens rea requirement that limits its scope to those who "willfully" obstruct or attempt to obstruct the administration of justice. United States vs. Gardner, 988 F.2d 82 (9th Cir. 1992).

The Eleventh Circuit has previously noted that the best place to punish uncooperative conduct is to sanction such a person within the applicable guideline range. United States vs. Alpert, 28 F.3d 1104, 1107 (11th Cir. 1994). In a matter such as this, where the information originally came out in a setting that requires truthful disclosure, the conduct should not be considered obstruction.

It is the position of the defendant that though the conduct complained of is not tantamount to obstruction, alternatively, he cannot be sanctioned under §1B1.8 of the guidelines as the information was obtained and disclosed via a protected debriefing. It was the choice of both the defendant and counsel to disclose the items to the probation officer and that disclosure

Should this Court find that the conduct in this case simply borders on but does

Page 4 of 6

not reach the level of obstruction, the road best taken in this case and was followed in sentencing the defendant within his guideline range without the inappropriate enhancement.

9. Finally, the Defendant would object to ¶34 of the PSI and would request that this Court reduce the Defendant's offense level by two for his affirmative acceptance of responsibility in this case. Whether or not this Court finds that there was obstruction in this case, the Defendant clearly admitted his conduct to this Court, to the Government and to the Probation Office. Any employment that the defendant engaged in that may be questionable has been terminated by the Defendant on his own accord.

He has cooperated truthfully with the government and has accepted responsibility to the probation officer as outlined in paragraph 26 of the PSI. However, as the probation officer indicates, as application note #4 to §3E1.1 states, an enhancement for obstruction of justice *may* indicate that a defendant has not accepted responsibility but it is not dispositive. This is because of side issues that may have no relation to the case in chief that brings the Defendant to the Court for sentencing may be considered for obstruction purposes.

Therefore, if this Court finds that the aforementioned conduct does in fact constitute obstruction of justice, the defendant is not per se barred from receiving the two level reduction under §3E1.1. Any purported conduct that constituted obstruction is not related to the case in chief and should not be considered. What is before the court is whether or not "the defendant clearly demonstrates acceptance of responsibility for his offense." Looking at the offense and the guilty plea and letter to the probation

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

not reach the level of obstruction, the road best taken in this case and was followed in sentencing the defendant within his guideline range without the inappropriate enhancement.

9. Finally, the Defendant would object to ¶34 of the PSI and would request that this Court reduce the Defendant's offense level by two for his affirmative acceptance of responsibility in this case. Whether or not this Court finds that there was obstruction in this case, the Defendant clearly admitted his conduct to this Court, to the Government and to the Probation Office. Any employment that the defendant engaged in that may be questionable has been terminated by the Defendant on his own accord.

He has cooperated truthfully with the government and has accepted responsibility to the probation officer as outlined in paragraph 26 of the PSI. However, as the probation officer indicates, as application note #4 to §3E1.1 states, an enhancement for obstruction of justice *may* indicate that a defendant has not accepted responsibility but it is not dispositive. This is because of side issues that may have no relation to the case in chief that brings the Defendant to the Court for sentencing may be considered for obstruction purposes.

Therefore, if this Court finds that the aforementioned conduct does in fact constitute obstruction of justice, the defendant is not per se barred from receiving the two level reduction under §3E1.1. Any purported conduct that constituted obstruction is not related to the case in chief and should not be considered. What is before the court is whether or not "the defendant clearly demonstrates acceptance of responsibility for his offense." Looking at the offense and the guilty plea and letter to the probation

LAW OFFICES OF PHILIP R. HOROWITZ
SOUTHPARK CENTRE • SUITE 328 • 12651 SOUTH DIXIE HIGHWAY • MIAMI, FLORIDA 33156 • (305) 232-1949

office, the Defendant has clearly done so. As the guidelines state, there are circumstances where both can apply and the Defendant submits that this case is one of them in light of its circumstances.

Obviously, should this Court find no obstruction, the Court must reduce the Defendant's total offense level by these two additional levels.

WHEREFORE, the Defendant JAMES TRAVERS respectfully requests that this Court enter an order sustaining his objections to the PSI.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 7th day of December 2000 to: PAUL SCHWARTZ, ESQUIRE, Assistant United States Attorney, 500 E. Broward Boulevard, Suite #700, Ft. Lauderdale, Florida 33301 and to MR. EDWARD COOLEY, United States Probation Officer, 299 East Broward Boulevard, Room 409, Ft. Lauderdale, Florida 33301.

Respectfully submitted,

LAW OFFICES OF PHILIP R. HOROWITZ
Attorney for Defendant TRAVERS
Suite #328 - Southpark Centre
12651 South Dixie Highway
Miami, Florida 33156
Tel.: (305) 232-1949
Fax. : (305) 232-1963

By: PHILIP R. HOROWITZ, ESQUIRE
Florida Bar No.: 466557

Page 6 of 6